## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LIBERTY MUTUAL FIRE INSURANCE
COMPANY,**

      **Plaintiff, Counter-Defendant,**

**vs.**                                  **No. CIV 03-1037 RB/ACT**

**WILLIAM SIGMONT, REAMAR
REALTY CORPORATION, a
Colorado Corporation, REAMAR
FAMILY TRUST, and FINANCIAL
FREEDOM SERVICES, INC., a
California Corporation,**

      **Defendants, Counter-Claimants
Third-Party Plaintiffs, Cross-
Claimant,**

 **vs.**

**SCOTT VAIR and HEATHER LUCERO,**

      **Third-Party Defendants.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on William Sigmont and Reamar Realty Corporation's

(RRC's) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 11), filed on January 8,

2004; Heather Lucero's Motion to Dismiss for Failure to State a Claim or for Misjoinder as to the

third-party claims asserted against her by Sigmont and RRC (Doc. 15), filed on January 13, 2004;

Lucero's Motion to Dismiss for Failure to State a Claim or for Misjoinder as to the cross-claim

asserted against her by Financial Freedom Services, Inc. (FFS) (Doc. 24), filed on February 2, 2004;

and Scott Vair's Motion to Dismiss for Failure to State a Claim or for Misjoinder as to the third-party

claims asserted against him by Sigmont and RRC (Doc. 19), filed on January 26, 2004.  Jurisdiction

is founded upon on 28 U.S.C. § 1332 (diversity).  Having reviewed the submissions of the parties and the relevant law, I find that the motions should be denied.

## I.     Background.

Liberty Mutual Fire Insurance Company (LM) filed this action on September 8, 2003, seeking a declaration that there is no coverage with respect to the policy holder and the mortgagor under a homeowner's insurance policy for fire and water damage sustained by a dwelling located in Eagle Nest, New Mexico.

LM is a Massachusetts corporation.  (Compl. ¶ 3.)  Sigmont was a resident of New Mexico until May 12, 2002.  (Compl. ¶ 4; Ans. Countercl. and Third Party Compl. ¶ 3.)  At the time of the filing of the Complaint, Sigmont resided in Colorado with an intent to permanently reside in New Mexico.  (*Id*.)  RRC is a Colorado corporation with its principal place of business in New Mexico.  (Compl. ¶ 3; Ans. Countercl. and Third Party Compl. ¶ 15.)  Sigmont is the sole shareholder and officer of RRC.  (*Id*.)  Reamar Family Trust (RFT) is a trust created by Sigmont in Colorado for the benefit of Sigmont's three adult children.  (Compl. ¶ 6.)  Sigmont has a management agreement with RFT and power of attorney authorizing him to act on its behalf.  (*Id*.)

FFS is a California corporation with its principal place of business in California.  (Compl. ¶ 7.)  Vair is a citizen of Colorado.  (Ans. Countercl. and Third Party Compl. ¶ 18.)  Lucero is a citizen of New Mexico.  (*Id*. at ¶ 19.)

In May 1997, RFT purchased the Eagle Nest property.  In December 1998, RFT conveyed the property to RRC.  Sigmont made extensive improvements to the property and occupied it as his principal residence.  Prior to September 2001, the property was mortgaged to Centinel Bank.

On July 20, 2001, Sigmont purchased a homeowner's insurance policy from LM, and notified LM of the mortgage in favor of Centinel Bank.   In September and October 2001, the Centinel mortgage was released and Sigmont refinanced the residence with FFS.   Sigmont informed LM's agent, Heather Lucero, of the change in mortgage holders and asked her to substitute FFS for Centinel as lienholder on the policy.   Lucero informed Sigmont that the change had been effected. In fact, the change had not been completed.

In December 2001, the Eagle Nest property sustained water damage due to a broken faucet. LM paid Sigmont $85,873.17 in connection with the water damage claim.   On May 12, 2002, the Eagle Nest residence was destroyed in a fire and explosion.   On May 13, 2002, Sigmont notified LM of the fire, and submitted proofs of loss, dated May  16, 2002, May 21, 2002, September 9, 2002, November 2, 2002, and February 11, 2003.   During 2002, Sigmont was interviewed by adjusters, including Scott Vair.   On April 14, 2003, LM conducted an examination under oath of Sigmont. Sigmont claims that the total loss exceeds the $3 million policy limit.   LM advanced Sigmont $43,151.88 in connection with the fire under a reservation of rights.   On September 5, 2003, LM denied coverage to Sigmont and FFS.

 LM alleges that Sigmont intentionally caused the  fire and that he provided false information concerning property damage with respect to the fire and the water damage.   LM further claims that Sigmont never disclosed that RRC owned the property or that FFS held a mortgage. LM alleges that it is entitled to a declaratory judgment that the policy does not cover the losses, damages for fraud and a constructive trust against Sigmont for the amounts paid for the water damage and the fire.

Sigmont denies wrongdoing and asserts counterclaims for breach of insurance contract; insurance bad faith; violations of the New Mexico Insurance Code; violations of the New Mexico

3

Unfair Trade Practices Act; intentional spoliation of evidence; intentional infliction of emotional distress; conversion; and prima facie tort.  Sigmont alleges third-party claims against Vair for insurance bad faith; violations of the New Mexico Unfair Trade Practices Act; intentional infliction of emotional distress; conversion; and defamation.  He asserts a third-party claim against Lucero for negligent failure to obtain insurance.

In support of his counterclaim and third-party complaint, Sigmont alleges that, immediately after the fire, LM dispatched its Special Investigation Unit and attorneys Joann Selleck and Harvey Fruman to investigate the claim in a concerted effort to intimidate Sigmont and deny the claim. Sigmont contends that LM's representatives took control of the fire scene.  He alleges that Vair used a crowbar to gain forcible entry into a locked vault on the property and converted Sigmont's personal property.  He asserts that Vair interrogated Sigmont's daughter-in-law and informed her that Sigmont had an affair with her mother in an effort to turn her against Sigmont and induce her to offer false evidence against him.  Sigmont alleges that Vair used "inquisition-style" tactics during a five-day examination under oath, which adversely affected Sigmont's health.

FFS counterclaimed for negligence; reformation; violations of the New Mexico Insurance Code; and violations of the New Mexico Unfair Practices Act.  FFS cross-claimed against Sigmont and RRC for recovery on a deficiency judgment, and cross-claimed against Lucero for negligence.


**II.      Standard.**

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); FED. R. CIV. P. 12(b)(6).  When ruling on a motion

to dismiss pursuant to Rule 12(b)(6), the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1336 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior*, 163 F.3d 1150, 1152 (10th Cir. 1998).

### III.    Analysis.

#### A.    Whether Sigmont and FFS have stated claims against Lucero individually.

Lucero argues that she cannot be sued individually for negligent failure to obtain insurance. It is well settled in New Mexico that an insurance agent or broker who undertakes to procure insurance for another and, through his or her fault or neglect, fails to do so may be held liable for damages resulting therefrom. *Sappington v. Covington*, 108 N.M. 155, 158, 768 P.2d 354, 357 (Ct. App. 1988); *Sanchez v. Martinez*, 99 N.M. 66, 69-70, 653 P.2d 897, 900-01 (Ct. App. 1982); *Butler v. Scott*, 417 F.2d 47, 473 (10th Cir. 1969) (applying New Mexico law). Having accepted all the well-pleaded factual allegations of the third-party complaint and the cross-claim as true and having viewed them in the light most favorable to Sigmont and FFS, I find that the allegations are sufficient to state a claim for negligent failure to procure insurance.

Sigmont additionally argues that he has stated a claim for negligent misrepresentation against Lucero. In order to prevail under a theory of negligent misrepresentation, Sigmont must show that (1) Lucero made a material misrepresentation of fact to Sigmont, (2) Sigmont relied upon such representation, (3) Lucero knew the representation was false at the time it was made or made it

recklessly, and (4) Lucero intended to induce Sigmont to rely on such representation.  SCRA 1986, 13-1632; *Parker v. E.I. DuPont de Nemours & Co., Inc.*, 121 N.M. 120, 132, 909 P.2d 1, 13 (Ct. App. 1995).  Sigmont has alleged that Lucero falsely informed him that FFS had been substituted for Centinel and that he relied on this misrepresentation.  Sigmont's allegations suffice to state a claim for negligent misrepresentation within the meaning of the Rule 12(b)(6) standard.

Lucero argues that she cannot be held liable under any theory of negligence because she owed no duty to Sigmont or FFS.  "Every person has a duty to exercise ordinary care for the safety of the person and the property of others." UJI 13-1604, NMRA 2003; *Davis v. Bd. of County Comm'rs of Dona Ana County*, 127 N.M. 785, 791, 987 P.2d 1172, 1178 (Ct. App. 1999).  Lucero owed a duty to Sigmont and FFS to exercise ordinary care with respect to their property rights.  Her argument to the contrary does not bar the negligence claims.

Similarly,  Lucero's reliance on *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 872 P.2d 852 (1994) is misplaced.  Lucero posits that *Bourgeous* "held that because plaintiff's claims against the individual defendants were solely claims based on actions taken within the scope of their employment, the individual defendants could not be sued."  (Lucero's Reply to Sigmont's Resp. at 4; Lucero's Reply to FFS's Resp. at 3.)  Lucero reads *Bourgeous* too broadly.  *Bourgeous* held that individual employees could not be held liable for retaliatory discharge because only the employer could discharge the plaintiff.  *Bourgeous*, 117 N.M. at 437, 872 P.2d at 855; *see also Stinson v. Berry*, 123 N.M. 482, 487, 943 P.2d 129, 134 (Ct. App.1997) (observing that *Bourgeous* is limited to claims resulting from an employment relationship).  Because Sigmont and FFS assert negligence claims, *Bourgeous* is inapplicable and does not bar the negligence claims against Lucero.

**B.      Whether Sigmont has stated claims against Vair individually.**

Vair argues that he cannot be sued individually for the claims alleged against him.  Sigmont responds that the third-party complaint has stated claims against Vair for bad faith, unfair trade practices, intentional infliction of emotional distress, conversion, and defamation.

Vair relies on *Bourgeous* to support his argument that he cannot be held individually liable. (Vair's Reply to Sigmont's Resp. at 2-34.)  As more fully discussed *supra*, *Bourgeous* applies only to claims resulting from the employment relationship.  Because Sigmont's claims are not based on an employment relationship, *Bourgeous* does not bar the third-party complaint.

Vair's argument that he cannot be held individually liable for insurance bad faith and unfair practices is unavailing.  The unfair claims practices section of the New Mexico Insurance Code is applicable to "an insurer or other person."  NMSA 1978, 59A-16-19 (2000).  The scope of the article includes "adjusters." NMSA 1978, 59A-16-19 (2003).  The New Mexico Unfair Trade Practices Act applies to acts by a "person."  NMSA 1978, 57-12-2 (2003).  Thus, by the plain terms of New Mexico law, Vair may be held liable as an individual.  Having accepted all the well-pleaded factual allegations of the third-party complaint as true and having viewed them in the light most favorable to Sigmont, I find that the allegations are sufficient to state claims against Vair.[1]

---

[1] LM argues that Lucero and Vair were fraudulently joined.  The theory of fraudulent joinder holds that the right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  The fraudulent joinder arguments are inapplicable because this is not a removed case.  In any event, the fraudulent joinder standard is more exacting than the standard for dismissing a claim under FED. R. CIV. P. 12(b)(6).  *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 851-53 (3ᵈ Cir. 1992).  Because the claims against Lucero and Vair satisfy Rule 12(b)(6), they would not be subject to dismissal for fraudulent joiner.

**C.      Whether Lucero and Vair are proper third-party defendants.**

Lucero and Vair argue that they were not properly joined as third-party defendants.   A defendant, as a third-party plaintiff, may implead a person not a party to the action, who is or may be liable to the third-party plaintiff, for all or part of the plaintiff's claim against the third-party plaintiff.   FED. R. CIV. P.14 (a).   In a diversity action, Rule 14(a) can only be invoked if the controlling state law provides the third-party plaintiff a substantive, derivative right to recover from the impleaded party.   *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983).   The third-party plaintiff must allege facts sufficient to establish the derivative or secondary liability of the third-party defendant.   *Id.*

Sigmont has alleged that Lucero is liable for failing to place FFS on the insurance policy, resulting in loss of title to the real property through forfeiture.   Sigmont has alleged that Vair's tortious actions resulted in the denial of coverage and the foreclosure on his property.   The third-party claims against Lucero and Vair are based on the denial of insurance coverage to Sigmont by LM.   The claims against Lucero and Vair are derivative of LM's allegations against Sigmont. Consequently, Sigmont properly impleaded Lucero and Vair under Rule 14(a).   Moreover, the cross-claim alleged by FFS against Lucero is authorized by FED. R. CIV. P. 13(g).   Because Lucero and Vair were properly joined under Rule 14(a), it is unnecessary to address LM's arguments regarding FED. R. CIV. P. 19 and 21.

**D.      Whether the case should be dismissed for lack of federal jurisdiction.**

Sigmont argues that the complete diversity necessary for federal jurisdiction under 28 U.S.C. § 1332 was destroyed when he and FFS brought claims against Lucero and Vair.   While Sigmont is correct that the interests of Lucero and Vair are aligned with LM, such alignment does not destroy

federal jurisdiction.

Supplemental jurisdiction exists over properly brought third-party claims so long as those claims are so related to the claims in the original action that they form part of the same case or controversy. 28 U.S.C. § 1367(a); *Grimes v. Mazda North American Operations*, 355 F.3d 566, 572 (6th Cir. 2004); *World Trade Center Prop. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 163 (2nd Cir. 2003); *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 160-61 (3rd Cir. 1995). In an opinion issued before the 1990 amendments to §1367(a), the Tenth Circuit held that "a court has ancillary jurisdiction of a defendant's proper Rule 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction, so long as the court has jurisdiction of the main claim between the original parties." *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1161 (10th Cir. 1990). Although the term supplemental jurisdiction was not used in *King Fisher*, the Tenth Circuit analysis was consistent with the subsequent amendment. *See Grimes*, 355 F.3d at 572 (citing *King Fisher Marine*, 893 F.2d at 1161); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1444 (Suppl. 2003); David D. Siegel, *Practice Commentary: The 1990 Adoption of §1367, Codifying "Supplemental Jurisdiction*, 28 U.S.C.A. §1367 at 832 (1993).

Supplemental jurisdiction exists here. The parties to the original action were all diverse. The third-party claims were authorized by Rule 14(a). Sigmont has alleged that the denial of coverage was caused by the allegedly tortious actions of Lucero and Vair. The third-party claims are so related to the claims in the original action that they form part of the same case or controversy. Accordingly, federal jurisdiction was not destroyed when Lucero and Vair were joined as third-party defendants.

**WHEREFORE,**

**IT IS ORDERED** that Sigmont and RRC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 11), filed on January 8, 2004, Lucero's Motion to Dismiss for Failure to State a Claim or for Misjoinder (Doc. 15), filed on January 13, 2004, Lucero's Motion to Dismiss for Failure to State a Claim or for Misjoinder (Doc. 24), filed on February 2, 2004, and Vair's Motion to Dismiss for Failure to State a Claim or for Misjoinder (Doc. 19), filed on January 26, 2004, are **DENIED.**


_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**